IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAY KREPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 1:20-cv-255-LY |
| WILLIAMSON COUNTY, and § | |
| CARLOS PANIAGUA, FERNANDO § | |
| MORALES, JAKEB BUSBY, and § | |
| JOSE ARREOLA, in their individual § | |
| capacities. § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff JAY KREPER files this lawsuit against Defendants WILLIAMSON COUNTY, CARLOS PANIAGUA, FERNANDO MORALES, JAKEB BUSBY, and JOSE ARREOLA and would show:

## I.
## PARTIES

1. Plaintiff JAY KREPER is a citizen of Texas and resides in the Western District of Texas in Round Rock, Williamson County, Texas.

2. Defendant, CARLOS PANIAGUA is an officer with the Williamson County Sheriff's Office. At all relevant times, Paniagua was acting under color of law. He is sued in his individual capacity. He has been served and appeared in this litigation.

3. Defendant, FERNANDO MORALES is an officer with the Williamson County Sheriff's Office. At all relevant times, Morales was acting under color of law. He is sued in his individual capacity. He has been served and appeared in this litigation.

4. Defendant, JAKEB BUSBY is an officer with the Williamson County Sheriff's

Office. At all relevant times, BUSBY was acting under color of law. He is sued in his individual capacity. He has been served and appeared in this litigation.

5. Defendant, JOSE ARREOLA is a medical officer with the Williamson County Sheriff's Office. At all relevant times, Arreola was acting under color of law. He is sued in his individual capacity. He has been served and appeared in this litigation.

6. Defendant Williamson County is a governmental entity in Texas. It has been served and appeared in this litigation.

## II.
## JURISDICTION AND VENUE

7. As this case is brought pursuant to 42 U.S.C § 1983, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. This Court has general personal jurisdiction over Paniagua, Morales, Busby, and Arreola, as, on information and belief, they reside and/or work in Williamson County, Texas.

9. This Court has jurisdiction over Defendant Williamson County as it resides in the Western District of Texas.

10. This Court has specific *in personam* jurisdiction over Defendant because this case arises out of conduct by Montano that caused injury to Mr. Burns in Williamson County, Texas, which is within the Western District of Texas.

11. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in Williamson County, which is within the Western District of Texas.

## III.
## FACTS

12. Kreper was arrested by Williamson County Sheriff's Office on suspicion of driving while intoxicated.

13. After the arrest, Kreper was taken to the Williamson County Sheriff's Office, where he had his blood drawn.

14. During the procedure, Defendants Paniagua, Morales, Busby, and Arreola forced Kreper into an "emergency restraint chair," tied Kreper down with tight restraints, and continued to use force against Kreper until the blood draw was completed.

15. Defendants left Kreper in a cell at 3:00 am, still restrained to the chair.

16. Kreper asked Defendants and other staff at the Williamson County Sheriff's office to loosen the restraints during and after the blood draw. Defendants and other staff at the Williamson County Sheriff's office ignored Kreper's complaints. The restraints remained tightly fastened.

17. Defendants did not loosen Kreper's restraints until around an hour after they had placed him in the cell.

18. As a result of Defendants Paniagua, Morales, Busby, and Arreola restraining Mr. Kreper too tightly and then leaving him in those restraints in a cell, Mr. Kreper suffered significant injuries to his wrists and hands, which required emergency medical attention.

19. Kreper was diagnosed with paresthesia (lingering tingling and loss of sensation), hemorrhaged capillaries, and painful swelling in his wrists and hands. Kreper still suffers from lingering pain, immobility, and swelling in his hands today.

20. On information and belief, Williamson County did not train Defendants Paniagua, Morales, Busby, and Arreola on how to properly restrain an individual, or how to address

complaints that restraints are too tight, even though it is highly foreseeable to that deputies would routinely be required to do so, and that citizens (like Mr. Kreper) would be injured as a result, and to remove restraints once a blood draw has been completed.

21.     Moreover, Williamson County's deputies had a policy and/or practice of regularly restraining people too tightly, regularly leaving people strapped into the "emergency restraint chair" without reasonable cause, and regularly unjustifiably injuring people in Mr. Kreper's position as a result.

22.     Restraint chairs are known to be extremely dangerous and prone to misuse.

23.     In fact, Williamson County has been sued on several occasions due to its routine overuse of the restraint chair. According to one lawsuit, Daniel McCoy allegedly died from Williamson County's misuse of the device.

## IV.
## CLAIMS

### A.  42 U.S.C § 1983—FOURTH AMENDEMENT—EXCESSIVE FORCE CLAIMS as to Defendants Paniagua, Morales, Busby, and Arreola

24.     Plaintiff incorporates by reference all of the foregoing, and alleges as follows:

25.     As a result, Defendants Paniagua, Morales, Busby, and Arreola's use of force against and restraining of Mr. Kreper was clearly excessive to the need, objectively unreasonable in light of clearly established law, and directly caused Mr. Kreper's serious injuries. Defendants' actions therefore violated Mr. Kreper's Fourth Amendment right to be free from excessive force/unreasonable seizure.

26.     As a direct and proximate result of Defendants' actions, Mr. Kreper suffered and continues to suffer significant injuries.

### B. 42 U.S.C. § 1983 *MONELL* CLAIM—FOURTH AMENDMENT— as to Defendant Williamson County

27. Plaintiff incorporates by reference all of the foregoing, and alleges as follows:

28. Williamson County had the following policies and/or practices in place when Defendants injured Mr. Kreper:

- Ignoring complaints by arrestees that restraints are too tight;
- Routine use of the emergency restraint chair in situations where it is not necessary;
- Mandating restraining all arrestees for declining a blood draw with a needle, in all circumstances, with no alternatives or exceptions;
- Failing to train officers about the possibility of severe injury caused by restraints and the emergency restraint chair;
- Failing to train officer to release arrestees from restraints once a blood draw is complete; and
- Failing to train officers on alternative restraint techniques to restraint chairs.

29. Moreover, Williamson County ratified Defendants use of excessive force against Plaintiff by investigating the incident, affirming Defendants' misconduct, and continuing to approve this form of excess force despite knowing it caused serious injury to Mr. Kreper.

30. On information and belief, the sole policymaker for the activities of law enforcement in the Williamson County Jail at all relevant times was the Williamson County Sheriff, Robert Chody.

31. Each of the policies delineated above were actually known, constructively known, and/or ratified by Williamson County and its policymakers—including the Sheriff—and were promulgated with deliberate indifference to Plaintiff's rights under the United States Constitution.

32. The known and obvious consequences of these policies and practices was that Williamson County deputies would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law,

would result.

### C. IN THE ALTERNATIVE, TEXAS TORT CLAIMS ACT NEGLIGENCE—
### as to Defendant Williamson County

33. Plaintiff incorporates by reference all of the foregoing, and alleges as follows:

34. Defendant Williamson County is a governmental unit subject to the Texas Tort Claims Act, Texas Civil Practice and Remedies Code § 101.021. Williamson County owned, controlled, and possessed the emergency restraint chair.

35. In the alternative, if and only if Defendants Paniagua, Morales, Busby, and Arreola's use of force was not objectively unreasonable, then they negligently used the emergency restraint chair—tangible personal property—and that negligence proximately caused serious injuries to Kreper.

36. Defendants Paniagua, Morales, Busby, and Arreola were employees of Williamson County and acted in the course of their employment at all relevant times.

37. Williamson County proximately caused the injuries to Kreper through the dangerous use of the emergency restraint chair. Williamson County had actual knowledge that the use of the emergency restraint chair posed a danger to detainees, including Kreper.

38. No except to the waiver of Williamson County's immunity apply. If Williamson County were a private person, it would be liable as a private entity for premises liability and/or negligence relating to its employees' use of the dangerous emergency restraint chair.

39. On information and belief, Plaintiff provided notice to Williamson County of his claims as required by the Texas Tort Claims Act, and satisfied any other conditions precedent. Further, Plaintiff's claim was obvious and known to Williamson County immediately after Kreper suffered serious injuries, providing actual notice to Williamson County.

V.

## DAMAGES

40. Plaintiff, Mr. Kreper, suffered and claims the following damages as a proximate result of Defendants' acts and omissions:

- past and future physical pain and suffering
- past and future mental anguish;
- past and future disfigurement;
- past and future impairment;
- past and future medical expenses;
- past and future loss of earning capacity; and
- attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

## VI.
## JURY DEMAND

41. Plaintiff respectfully requests jury trial pursuant to FED. R. CIV. P. 48.

## VII.
## PUNITIVE DAMAGES

42. As Defendants Paniagua, Morales, Busby, and Arreola's deliberate conduct demonstrated reckless, callous indifference to Mr. Kreper's constitutional rights, Plaintiff asks the jury to award punitive damages so these Defendants and other police officers understand his conduct cannot be tolerated, and to deter future unconstitutional acts of violence.

## VIII.
## PRAYER FOR RELIEF

43. Accordingly, Plaintiff asks that judgment be awarded against Defendants for

1) Compensatory damages;

2) Punitive damages against the individual defendants only;

3)  Attorneys' fees, including reasonable and necessary expenses including expert fees, pursuant to 42 U.S.C. § 1988;

4)  Costs of court;

5)  Pre-judgment and post-judgment interest at the highest rate allowable under the law; and

6)  All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**EDWARDS LAW**
1101 East 11th Street
Tel.  512-623-7727
Fax.  512-623-7729

By   /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
jeff@edwards-law.com
SCOTT MEDLOCK
State Bar No. 24044783
scott@edwards-law.com
DAVID JAMES
State Bar No. 24092572
david@edwards-law.com

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Western District of Texas.

By   /s/ Jeff Edwards
JEFF EDWARDS